## DE WITT VS. PERKINS.

*Assignment of judgment — Liability of assignee for costs on appeal.   Sec. 50, ch. 133, R. S.*

Where a judgment has been assigned merely as a collateral security for fees, etc., due the judgment creditor's attorney, such creditor still retaining a right to any balance of the proceeds, the assignee will not be required to pay the costs on appeal, under sec. 50, ch. 133, R. S. Otherwise, where the assignment is absolute.

COLE, J.   This is a rule upon *George H. Foster* to show cause why an order should not be made in this action requiring him to pay the costs in this court upon the appeal, with the costs of this application, for the reason, as is alleged, that the said *Foster* became the assignee and owner of the judgment appealed from, after its rendition in the court below and prior to the appeal to this court. It is claimed that *Foster* is liable for the costs under section 50, chap. 133, R. S., which provides that, "in actions in which the cause of action shall, by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs, in the same manner as if he were a party, and payment thereof may be enforced by attachment." The question is, therefore, whether the judgment has become the property of *Foster* in such a manner as to render him liable for the costs in this court under the above provision. As bearing upon that point, the respondent, *De Witt*, states in his affidavit, which is used in support of the rule, that judgment was rendered in the cause in the county court of Milwaukee county in his favor against the appellant, on or about the 10th day of December, 1866, for the sum of $367.18; that George W. Lakin, Esq., was the attorney who commenced the suit; that *Perkins* afterward appealed from the judgment to the

De Witt vs. Perkins.

supreme court, in which court the judgment was reversed, with costs taxed at $62.48; "that prior to said appeal, and on or about the 10th day of December, 1866, this affiant, by an instrument in writing, transferred and assigned unto *George H. Foster*, of Milwaukee, Wisconsin, the said judgment, and all of his right, title and interest therein and thereto, and in and to the note and demand upon which the same was obtained, he, the said *Foster*, to collect and enforce the same at his own cost and expense, and to save this affiant harmless from all costs, damage or expense by reason or on account thereof;" and that he has not, since the assignment, had any interest in or right to said demand or judgment.

Mr. Mariner states, in his affidavit, in substance, that a notice of the assignment of the judgment was served upon him and the appellant on or about the date of the execution of the assignment. These are all the matters appearing in the affidavits of the moving party, relating to the transfer and assignment of the judgment by *De Witt* to *Foster*, which we deem it necessary to notice. It may, perhaps, be as well added here as anywhere, that a copy of the assignment of the judgment is set out in the affidavit of Mr. Lakin, from which the assignment appears to have been made "for value received," and is upon its face an absolute sale and transfer of the judgment by *De Witt* to *Foster*. Mr. Lakin's affidavit, as well as that of *Mr. Foster*, has been used in answer to the rule to show cause, etc.; but we think they do not materially conflict with that of *De Witt* upon this point, and fail to show that the assignment and transfer of the judgment by *De Witt* was not absolute or unconditional; or that he retained any interest whatever in the judgment after he executed the assignment. *Mr. Foster* details quite fully the circumstances under which the assignment was made, and states how he happened to be connected with the transaction. He says, in substance, that he occupied a desk in Mr. Lakin's office

about the tenth of December, 1866, when the judgment in favor of *De Witt* was recovered; that Mr. Lakin remarked that he would like to have *De Witt* assign the judgment to him; that he, believing the object was perfectly legitimate and proper, made no objections thereto, whereupon the judgment was assigned to him by *De Witt.* He further says, that he never had possession of the assignment, and never saw it; that he felt no interest in the matter, and had no interest therein, other than to act as he might be directed in the premises, and as would be just and proper; and that he had no contract, agreement or understanding with *De Witt* in respect to the judgment or any legal proceedings; and that there was no agreement that he was to enforce the collection of the judgment at his own expense and cost. Mr. Lakin says, in effect, that the object of assigning the judgment was, "that in case the defendant should pay the same, or any part thereof, the money would be in the hands of a person who would properly apply the same, first to the payment of the costs and disbursements which had been paid by him, affiant, and next to the reasonable charges of this affiant for his laborious services rendered as the attorney and counsel of the said *De Witt.*"

We do not, however, understand Mr. Lakin as saying or intimating that the assignment of the judgment by *De Witt* was not absolute for the purposes stated by him; or that *De Witt* retained any further interest in the judgment. By the arrangement, then, it must be assumed that *Foster* became the owner of the judgment; that he had the right to collect the amount due upon it; and, after paying the costs, disbursements, and Mr. Lakin's fees out of the proceeds, the remainder, if any, would belong to him absolutely. *De Witt* would have no right to call upon him to account for it or pay it over, because the latter, for a valuable consideration, had parted with all right and interest in the judgment. It would obviously be otherwise, had the assignment been

collateral, merely, for the purpose of securing Mr. Lakin for his costs, disbursements, and fees, the excess belonging to *De Witt*. In that case it might well be held that *De Witt* was the real owner of the judgment, notwithstanding the assignment; and, after discharging the debts due Mr Lakin for money advanced and for fees, could dispose of it as he might think proper. But the assignment and transfer were absolute, *Foster* becoming the owner of the judgment and of "the property" therein; and, within the above provision of the statute, he is liable for the costs in this court. It seems to us that this result is inevitable, under the statute, in view of the absolute character of the sale and transfer. *Wolcott v. Holcomb*, 31 N. Y. 125. The rule must, therefore, be granted.

*By the Court.*—So ordered.